UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE # 5:17-cv-209

---

JAMES WALTON, individually and on behalf
of all others similarly situated;

                Plaintiff(s),
-against-                              **CLASS ACTION COMPLAINT**

MAURY COBB & ASSOCIATES, LLC        **DEMAND FOR JURY TRIAL**
and JOHN DOES 1-25

                Defendant(s).

---

      Plaintiff, JAMES WALTON (hereinafter, "Plaintiff"), a North Carolina resident, brings this Class Action Complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant MAURY COBB & ASSOCIATERS, LLC (hereinafter "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of North Carolina consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of North Carolina, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located in Birmingham, Alabama.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of (a) all individuals with addresses in the State of North Carolina (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt with an original creditor of T-MOBILE (d) without identifying the name of the current creditor to whom the debt is owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their

immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. §§ 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

18. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692g.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues

pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to March 3, 2017, an obligation was allegedly incurred to T-MOBILE.

24. The T-MOBILE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The alleged T-MOBILE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. T-MOBILE is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. T-MOBILE or subsequent owner of the T-MOBILE debt contracted the Defendant to collect the alleged debt.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. On or about March 3, 2017, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to T-MOBILE. *See* **Exhibit A.**

30. Upon information and belief, the Letter was the first communication from Defendant to the Plaintiff with regards to the T-MOBILE debt.

31. Plaintiff received the letter and read it.

32. The Letter states in part:

> "Original Creditor: T-MOBILE"

33. Although the Letter identifies which entity the alleged debt incurred from, the Letter fails to identify Plaintiff's current creditor.

34. The Plaintiff, as would any least sophisticated consumer, was left unsure as to what creditor Defendant was attempting to collect for.

35. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

36. The obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

37. The Fourth Circuit has stated that a debt collector does not comply with § 1692g simply by including the required debt validation notice. *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (1991). Instead, "the notice Congress required must be conveyed effectively to the consumer." Miller, 943 F.2d at 484 (quoting Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1225 (9th Cir.1988)). Merely naming the original creditor does not explicitly convey who the current creditor is to whom the debt is owed.

38. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

39. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

40. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful

protections provided by the FDCPA.

41. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

42. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

43. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

44. Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

46. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

47. The Defendant violated section 1692g(a)(2) by failing to identify the current creditor.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., Yitzchak Zelman, Esq., and Craig Shapiro, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 2, 2017

/s/ Craig M. Shapiro
Craig M. Shapiro
NC State Bar No.: 48887
Counsel for Plaintiff
Law Offices of John T. Orcutt, P.C.
6616 Six Forks Road, Suite 203
Raleigh, North Carolina 27615
Telephone: (919) 847-9750
cshapiro@johnorcutt.com
Local Civil Rule 83.1 Counsel

Ari Marcus, Esq.
NJ Attorney ID: 029662010
Counsel for Plaintiff
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com
(Appearance to be filed, pursuant to LR 83.1(e))

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 2, 2017                     /s/ Craig M. Shapiro
                                                               Craig M. Shapiro